IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TONY KORAB, TOJIO CLANTON, KEBEN ENOCH, CASMIRA AGUSTIN, ANTONIO IBANA, AGAPITA MATEO, and RENATO MATEO, each individually and on behalf of those persons similarly situated,<br><br>                Plaintiffs,<br><br>  vs.<br><br>RACHEL WONG, in her official capacity as Director of the State of Hawaii, Department of Human Services, and KENNETH FINK, in his official capacity as State of Hawaii, Department of Human Services, Med-QUEST Division Administrator,<br><br>                Defendants. | CIVIL NO. 10-00483 JMS/KSC<br><br>ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DISMISS ACTION WITHOUT PREJUDICE, DOC. NO. 108; AND (2) DENYING DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT, DOC. NO. 116 |

**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DISMISS ACTION WITHOUT PREJUDICE, DOC. NO. 108; AND (2) DENYING DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT, DOC. NO. 116**

## I. INTRODUCTION

Although the parties agree that this action should be dismissed, they disagree on the basis for dismissal of Plaintiffs' Equal Protection claim and whether such claim should be dismissed with or without prejudice. (There is no

dispute that Plaintiffs' Americans with Disabilities Act (the "ADA") claim should be dismissed without prejudice.) With both parties refusing to budge, they instead waste both their and this court's resources by presenting dueling motions -- Plaintiffs filed a Motion to Dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) on the basis of mootness, Doc. No. 108, and Defendants filed a Counter-Motion for Summary Judgment. Doc. No. 116. Based on the following, the court finds that neither party has carried their burden on the Equal Protection claim and therefore GRANTS Plaintiffs' Motion as to the ADA claim, and DENIES the parties' Motions as to the Equal Protection claim.[1]

## II. **BACKGROUND**

On April 5, 2010, Plaintiffs filed this class action asserting claims against Rachel Wong,[2] in her official capacity as Director of the State of Hawaii, Department of Human Services ("DHS"), and Kenneth Fink, in his official capacity as State of Hawaii, DHS, Med-QUEST Division Administrator (collectively "Defendants"), challenging DHS's implementation of a health care benefits program, Basic Health Hawaii ("BHH"), which Defendants created for

---

[1] Pursuant to Local Rule 7.2(d), the court determines the Motions without a hearing.

[2] This action was originally brought against Lillian Koller, the then-Director of DHS, and Rachel Wong now holds this position. *See* Fed. R. Civ. P. 25(d) (explaining that when a public officer is named in her official capacity, her "successor is automatically substituted as a party").

2

non-pregnant citizens, age nineteen or older, of countries with Compacts of Free Association ("COFA") with the United States who are lawfully residing in Hawaii ("COFA Residents"), and non-pregnant immigrants, age nineteen or older, who have been United States residents for less than five years ("New Residents"). Plaintiffs are COFA Residents and New Residents who brought this action on behalf of themselves and others similarly situated, asserting that BHH violates (1) the Equal Protection Clause of the Fourteenth Amendment because it provides less health benefits than the State of Hawaii's (the "State") Medicaid program offered to citizens and certain qualified aliens, and (2) the ADA because BHH is not administered in the most integrated setting appropriate to meet their medical needs.

On December 10, 2010, the court granted Plaintiffs' Motion for Preliminary Injunction seeking relief as to COFA Residents as to the Equal Protection claim, finding that BHH is subject to strict scrutiny. *See Korab v. Koller*, 2010 WL 5158883 (D. Haw. Dec. 13, 2010). On appeal, the Ninth Circuit vacated and remanded, determining that BHH is subject to rational basis review. *See Korab v. Fink*, 748 F.3d 875, 888 (9th Cir. 2014) *cert. denied sub nom. Korab v. McManaman*, 135 S. Ct. 472 (2014). Since the remand, Defendants have adopted emergency rules suspending BHH, and the State has issued a public

notice that it plans to repeal BHH and adopt new administrative rules establishing a different program.

### III. **DISCUSSION**

Both parties' Motions on the Equal Protection claim suffer from significant flaws.

Plaintiffs seek dismissal without prejudice on the basis that this claim is now moot due to BHH's suspension and the State's plans to repeal it. But in bringing this Motion, Plaintiffs largely ignore the framework for determining when intervening legislation moots a controversy and have therefore failed to carry their "heavy" burden of establishing mootness. *See Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) ("The burden of demonstrating mootness is a heavy one.") (quotation marks and citations omitted).

A claim becomes moot if "'events have completely and irrevocably eradicated the effects of the alleged violation,'" and there is "'no reasonable . . . expectation that the alleged violation will recur.'" *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1179 (9th Cir. 2010) (quoting *Davis*, 440 U.S. at 631). And "[w]here intervening legislation has settled a controversy involving only injunctive or declaratory relief, the controversy has become moot." *Chem. Producers & Distribs. Ass'n v. Helliker,* 463 F.3d 871, 875 (9th Cir. 2006)

(quoting *Bunker Ltd. P'ship v. United States,* 820 F.2d 308, 311 (9th Cir. 1987)). "The test for whether intervening legislation has settled a controversy involving only declaratory or injunctive relief is 'whether the new [law] is sufficiently similar to the repealed [law] that it is permissible to say that the [government's] challenged conduct continues.'" *Id.* (alterations in original) (quoting *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville,* 508 U.S. 656, 662 n.3 (1993)). Intervening legislation moots a controversy where the law has been "sufficiently altered so as to present a substantially different controversy" from what was originally presented to the court, and that there is "no basis for concluding that the challenged conduct is being repeated." *Id.* (internal alterations omitted) (quoting *Ne. Fla. Chapter of Associated Gen. Contractors of Am.*, 508 U.S. at 662 n.3).

At the time Plaintiffs brought their Motion, BHH had not yet been repealed. And at no point in their briefing do Plaintiffs explain the content of the new law (when and if passed), how it differs from BHH, and whether the conduct challenged in this action is being repeated through the new law. The court therefore DENIES Plaintiffs' Motion to Dismiss the Equal Protection claim.

Defendants' Counter-Motion suffers from its own defects. As an initial matter, Defendants' Counter-Motion, which ignores Plaintiffs' mootness

arguments and instead asks the court to substantively address the claim, is improper. Local Rule 7.9 allows a party to file a counter-motion along with its opposition so long as the counter-motion relates to the same subject matter of the original motion. Because the subject matter of Plaintiffs' Motion is mootness and not the substantive merits of the claim, Defendants needed to file an opposition to Plaintiffs' Motion, as well as a stand-alone Motion for Summary Judgment. As it stands, Defendants presented no arguments whatsoever as to whether the Equal Protection claim is moot. Instead, they put the proverbial cart before the horse -- *i.e.*, substantive merits before jurisdiction -- and the court cannot address Defendants' summary judgment arguments if the Equal Protection claim is moot. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("Mootness is jurisdictional."). The court therefore DENIES Defendants' Counter-Motion for Summary Judgment.

## IV. CONCLUSION

Based on the above, the court GRANTS Plaintiffs' Motion to the extent it seeks dismissal of the ADA claim without prejudice, but DENIES the parties' Motions as to the Equal Protection claim. Before the parties file any additional Motion(s) on the Equal Protection claims (presumably correcting the deficiencies outlined above), the court admonishes the parties NOT to

unnecessarily waste judicial resources.  Both parties agree that the Equal

Protection claim should be dismissed and they therefore should be able to agree on

appropriate language guiding that dismissal.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, March 5, 2015.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*Korab et al. v. Wong et al.*, Civ. No. 10-00483 JMS/KSC, Order (1) Granting in Part and Denying in Part Plaintiffs' Motion to Dismiss Action Without Prejudice, Doc. No. 108; and (2) Denying Defendants' Counter-motion for Summary Judgment, Doc. No. 116