IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TONY KORAB; TOJIO CLANTON; KEBEN ENOCH; CASMIRA AGUSTIN; ANTONIO IBANA; AGAPITA MATEO; and RENATO MATEO, each individually and on behalf of those persons similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>RACHEL WONG, in her official capacity as Director of the State of Hawaii, Department of Human Services; LESLIE TAWATA in her official capacity as State of Hawaii, Department of Human Services, Med-QUEST Division Administrator,<br><br>          Defendants.<br>_____ | CIVIL NO. 10-00483 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ATTORNEYS' FEES |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Before the Court is Plaintiffs' Motion for

Attorneys' Fees ("Motion"), filed May 11, 2015.  On May

21, 2015, Plaintiffs filed a Statement of Consultation.

Defendants filed their Opposition on June 4, 2015.

Plaintiffs filed their Reply on June 18, 2015.

After careful consideration of the parties'
submissions, and the applicable law, the Court FINDS
AND RECOMMENDS that this Motion be DENIED for the
reasons set forth below.

BACKGROUND

Insofar as the Court and the parties are
familiar with the extensive history of this case, the
Court includes only those facts relevant to the
disposition of this Motion.

On August 23, 2010, Plaintiffs initiated this
action to prevent Defendants from implementing Basic
Health Hawaii ("BHH"), a medical benefits program
created in 2010 for Plaintiffs, who are 1) COFA
Residents - non-pregnant citizens or immigrants, age
nineteen or older, of countries with a Compact of Free
Association with the United States who are lawfully
residing in Hawaii and 2) New Residents - non-pregnant
immigrants, age nineteen or older, who have been United
States residents for less than five years.

On December 13, 2010, U.S. District Judge J. Michael Seabright issued an Order Granting Plaintiffs' Motion for Preliminary Injunction ("Injunction Order"), wherein he ordered as follows:

> 1. For COFA Residents who presently are enrolled in BHH, Defendants shall reinstate the benefits that the COFA Resident was receiving through the Old Programs as of June 1, 2010, prior to being deemed into BHH effective July 1, 2010 pursuant to Hawaii Administrative Rule §17-1722.3-33, as amended.
>
> 2. Defendants shall give priority to processing the reinstatement of benefits for those COFA Residents who are enrolled in BHH and who were receiving benefits through the QExA or SHOTT programs. These COFA Residents presently enrolled in BHH will be entitled to benefits effective December 15, 2010 and Defendants shall reimburse providers for any benefits provided on or after that date, regardless of when Defendants complete processing the re-enrollment documentation. COFA Residents having QExA benefits reinstated will receive these benefits through the same health plan through which they previously received them.
>
> 3. No later than January 1, 2011, Defendants shall complete the reinstatement of benefits for COFA Residents presently enrolled in BHH who were receiving QUEST benefits before being deemed into BHH. COFA Residents having QUEST benefits reinstated will receive

these benefits through the same health plan through which they previously received them.

4. No later than February 1, 2011, Defendants shall reinstate benefits for COFA Residents who were enrolled in BHH and were receiving benefits through the QUEST-ACE or QUEST-Net programs. COFA Residents having QUEST-ACE or QUEST-Net benefits reinstated will receive these benefits through the same health plan through which they previously received them.

5. No later than January 15, 2011, Defendants shall complete the reinstatement of benefits for COFA Residents deemed into BHH who were disenrolled upon conclusion of the transition period for failing to meet BHH eligibility criteria. However, COFA Residents in this group who received benefits through the QExA or SHOTT programs on June 1, 2010 will have these benefits reinstated effective December 15, 2010 as provided in paragraph 2, above.

6. Effective December 15, 2010, Defendants shall accept and timely process applications for medical benefits from COFA Residents who are not presently enrolled in BHH. Defendants shall not deny any application for medical assistance from a COFA Resident with an application date on or after December 15, 2010 based on citizenship. Upon meeting all medical assistance eligibility requirements that are applicable to United States citizens, other than citizenship, COFA Residents shall receive the benefits of the Old

Program for which he/she is eligible.
However, for applications dated from
December 15, 2010 through December 31,
2010, if the COFA Resident applicant is
determined eligible to receive QUEST
benefits, then the applicant will receive
BHH benefits from the date of eligibility
through December 31, 2010 and will receive
QUEST benefits beginning January 1, 2011.

7. Defendants shall publish notice in the
Honolulu Star-Advertiser, The Maui News,
Hawaii Tribune Herald, West Hawaii Today,
and The Garden Island, announcing that the
Defendants are accepting applications for
medical benefits from COFA Residents as
provided in paragraph 6, above. Defendants
shall consult with Lawyers for Equal
Justice, to the extent practicable
given the time constraints of this Order,
on the wording of the public notice.

8. Defendants shall make every effort to
identify COFA Residents who were
disenrolled from the Old Programs because
of a change in pregnancy status or who
turned 19 years old after July 1, 2010,
but were not enrolled into BHH because of
the cap on BHH enrollment.  Once
identified, Defendants shall separately
notify these individuals of their right to
apply for medical assistance
benefits.

9. Defendants shall take steps to assure
that medical providers in the State of
Hawai'I are aware that COFA Residents are
entitled to benefits under the Old
Programs so that they receive the benefits
to which they are entitled, even if
Defendants have not completed processing

> the re-enrollment documentation.
>
> No bond shall be required pursuant to Fed. R. Civ. P. 65(c). This Preliminary Injunction Order shall be binding as provided in Fed. R. Civ. P. 65(d) and shall remain in effect for the duration of this litigation, until further order of the court.

Injunction Order at 14-18.

On January 10, 2011, Defendants appealed the Injunction Order.

On January 1, 2014, new federal rules, known as the "individual mandate", were enacted pursuant to the Affordable Care Act ("ACA").

On April 1, 2014, the Ninth Circuit issued an Opinion vacating the preliminary injunction, holding that rational basis was the proper standard of review for the State's actions. Doc. No. 87 at 24-25. The Ninth Circuit remanded the case to this Court for further proceedings.

On March 3, 2015, Judge Seabright issued an Order (1) Granting in Part and Denying in Part Plaintiffs' Motion to Dismiss Action Without Prejudice, Doc. No. 108; and (2) Denying Defendants' Counter-

Motion for Summary Judgment, Doc. No. 116.  Doc. No. 122.

On April 28, 2015, the Court entered a Stipulation to Dismiss Count I Without Prejudice and Order.  Judgment entered the same day.

The present Motion followed.

DISCUSSION

## I.  Entitlement to Attorneys' Fees

Plaintiffs submit that they are entitled to attorneys' fees under 42 U.S.C. § 1988(b) because they are the "prevailing party" in this 42 U.S.C. § 1983 action.  Plaintiffs assert that 1) they obtained a preliminary injunction requiring Defendants to continue providing comparable benefits to COFA Residents and 2) the preliminary injunction, which remained in place for approximately three and a half years, afforded substantial relief to the class.  According to Plaintiffs, the Ninth Circuit's ruling vacating the injunction did not strip them of their prevailing party status because this action became moot prior to a final decision on the merits.

Defendants counter that Plaintiffs are not the "prevailing party" because the Ninth circuit vacated the preliminary injunction, i.e., Plaintiffs were not entitled to the remedy; 2) Plaintiffs obtained no enduring favorable judicial result; and 3) Plaintiffs achieved no judicially sanctioned change in the legal relationship between the parties.

Section 1988 provides, in pertinent part: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). To be considered a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1160 (9th Cir. 2000). In other words, a plaintiff "'prevails' when actual relief on the merits of his claim materially alters the

legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  <u>Farrar</u>, 506 U.S. at 111-12; <u>UFO Chuting of Haw., Inc. v. Smith</u>, 508 F.3d 1189, 1197 (9th Cir. 2007).  "Relief 'on the merits' occurs when the material alteration of the parties' legal relationship is accompanied by '*judicial imprimatur* on the change.'"  <u>Higher Taste, Inc. v. City of Tacoma</u>, 717 F.3d 712, 715 (9th Cir. 2013) (quoting <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Heath & Human Res.</u>, 532 U.S. 598, 605 (2001)).

Although the Supreme Court has held that "[n]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant," <u>Farrar</u>, 506 U.S. at 113,[1] the Ninth Circuit has made clear that in certain circumstances, "prevailing party" status may be

---

[1] <u>Farrar v. Hobby</u> did not involve "prevailing party" status in the context of injunctive relief, but rather, whether a party who is awarded nominal damages following trial is a "prevailing party."  506 U.S. 103.

accorded to those who obtain injunctive relief.  See
UFO, 508 F.3d at 1197 (defining prevailing party as one
who "achieves the objective of its suit by means of an
injunction issued by the district court"); Williams v.
Alioto, 625 F.2d 845, 847 (9th Cir. 1980) (per curiam)
(holding that a plaintiff who obtains a preliminary
injunction prevails on at least some of the merits of
its claims); Harris v. McCarthy, 790 F.2d 753, 757 (9th
Cir. 1986) (issuance of preliminary injunction, without
more, warranted an award of attorneys' fees because the
plaintiffs succeeded on a significant issue in the
litigation and achieved some of the benefit they sought
in bringing suit).  "A preliminary injunction issued by
a judge carries all the 'judicial imprimatur' necessary
to satisfy *Buckhannon*."  Watson v. Cnty. of Riverside,
300 F.3d 1092, 1096 (9th Cir. 2002).

Here, although Plaintiffs obtained a
preliminary injunction in district court, they cannot
be deemed the "prevailing party" given that the Ninth
Circuit vacated the preliminary injunction.  Plaintiffs
argue that they are the prevailing party because they

obtained a preliminary injunction and the case was
rendered moot before final judgment. Plaintiffs appear
to believe that the reversal of the preliminary
injunction has no effect upon their prevailing party
status. Mem. in Supp. of Mot. at 9 ("Moreover, even
though the Ninth Circuit ultimately vacated the Court's
ruling, the case was effectively mooted when the
coverage requirements of the ACA took effect on January
1, 2014."). The cases relied upon most heavily by
Plaintiffs - <u>Watson</u> and <u>Higher Taste</u> - are
distinguishable and they do not compel the result
proffered by Plaintiffs. Significantly, neither <u>Watson</u>
nor <u>Higher Taste</u> involved the vacation of the
preliminary injunctions relied upon by the plaintiffs
in those cases to satisfy the judicial imprimatur
requirement.

In <u>Watson</u>, the court explained that "there will
be occasions when the plaintiff scores an early victory
by securing a preliminary injunction, then loses on the
merits as the case plays out and judgment is entered
against him--a case of winning a battle but losing the

war." <u>Watson</u>, 300 F.3d at 1096.  It then distinguished
the facts before it, noting that

> this case is different because Watson's
> claim for permanent injunctive relief was
> not decided on the merits.  <u>The
> preliminary injunction was not dissolved
> for lack of entitlement</u>.  Rather, Watson's
> claim for permanent injunction was
> rendered moot when his employment
> termination hearing was over, after the
> preliminary injunction had done its job.

<u>Id.</u> (emphasis added).

<u>Higher Taste</u> recognized that "[p]recisely
because the relief afforded by a preliminary injunction
may be undone at the conclusion of the case, some
inquiry into events postdating the injunction's
issuance will generally be necessary." <u>Higher Taste</u>,
717 F.3d at 717.  If a party obtains a preliminary
injunction but loses on the merits after a case is
litigated to final judgment, that party is not a
prevailing party.  <u>Id.</u>  By contrast, "when a plaintiff
wins a preliminary injunction and the case is rendered
moot before final judgment, either by the passage of
time or other circumstances beyond the parties'
control, the plaintiff is a prevailing party eligible

for a fee award." Id. (citing Watson, 300 F.3d at 1096). The reasoning for this is that the plaintiff "received relief that was as enduring as a permanent injunction would have been and, by virtue of the case's mootness, that relief was no longer subject to being 'reversed, dissolved, or otherwise undone by the final decision in the same case." Id. (citations omitted) (emphasis added).

Applying these legal principles to the instant case, Plaintiffs cannot be deemed a prevailing party. As much as Plaintiffs attempt to disregard or downplay the vacation of the preliminary injunction, the Court is unable to ignore the reversal's substantial effect upon the disposition of this action. Essentially, Plaintiffs should never have obtained the preliminary injunction in the first place, and in view of this fact, any relief they enjoyed is a nullity. Unlike in Higher Taste and Watson, any purported mootness here did not prevent the vacation of the preliminary

injunction.[2]  Had the preliminary injunction never
issued, Plaintiffs might have enjoyed no relief until
Defendants repealed BHH, much less any judicially
sanctioned relief.  It would be an absurd result to
confer prevailing party status on Plaintiffs when the
very success upon which they rely as entitling them to
prevailing party status was improperly granted.

The Eighth Circuit has articulated this
rationale.[3]  In <u>Pottgen v. Missouri State High School
Activities Association</u>, the plaintiff brought an action

---

[2]  That the ACA coverage requirements took effect
on January 1, 2014, three months before the Ninth
Circuit vacated the preliminary injunction, is of no
consequence.  Indeed, Plaintiffs themselves did not
move to dismiss the action on mootness grounds until
January 13, 2015, asserting that there was no live case
or controversy given Defendants' <u>December 5, 2014</u>
announcement to repeal BHH.  Had the case truly been
moot, it is doubtful that the Ninth Circuit would have
issued its decision and remanded the case for further
proceedings.

[3]  While a factually analogous Ninth Circuit
opinion would have been preferable, the Ninth Circuit
has adopted the rationale of other circuits, including
the Eight Circuit, with respect to the prevailing party
analysis for § 1988(b) fee awards.  <u>See</u>, <u>e.g.</u>, <u>Higher
Taste</u>, 717 F.3d at 717 (citing and relying upon Second,
Third, Sixth, Seventh, Eight Circuit, and Eleventh
Circuit cases).

against the defendant because it refused to allow him
to participate in interscholastic athletics during the
1993-94 school year, citing By-Law 232, which
prohibited students 19 years of age or older from
participating in interscholastic sports.  103 F.3d 720,
722 (8th Cir. 1997).  The plaintiff obtained a
preliminary injunction on the merits, which allowed him
to play baseball for his high school baseball team.
Id.

By the time the defendant's appeal of the
decision was heard, the baseball season had ended.  Id.
The Eight Circuit nevertheless addressed the appeal
because a live controversy existed regarding a portion
of the injunction.  Id.  It reversed the preliminary
injunction and remanded the case to the district court
for further proceedings consistent with its holding.
Id.

Notwithstanding the reversal, its issuance of
an order rescinding all injunctive relief, and its
dismissal of the complaint with prejudice, the district
court determined that the plaintiff was a prevailing

15

party and awarded him attorneys' fees and expenses. Id.  The Eighth Circuit reversed the order awarding fees and costs, holding that "the only judgment upon which Pottgen can base a claim of prevailing party status has been reversed, and hence nullified.  That judgment therefore does not constitute success on the merits for the purposes of awarding attorney's fees, and Pottgen is consequently not a prevailing party." Id. at 724.  The Pottgen court further explained that

> While we recognize that Pottgen was able
> to play baseball, this opportunity was the
> result of an incorrect ruling by the
> district court.  Had it not been for the
> passage of time between the district
> court's grant of injunctive relief and
> this Court's reversal of that relief,
> MSHSAA could have enforced its By-Law 232
> as written against Pottgen.  In addition,
> MSHSAA has in no way been barred from
> future enforcement of By-Law 232 against
> any other student.  Thus, Pottgen cannot
> be considered to be prevailing party in
> any meaningful sense.  He got the chance
> to play baseball only because the district
> court erred in granting a TRO and
> preliminary injunctive relief.  <u>A victory
> of this sort--one due to an incorrect
> ruling by the district court--is not
> sufficient to support a finding of
> prevailing party status</u>.

Id. at 724 n.14 (emphasis added).

16

Plaintiffs' attempt to distinguish <u>Pottgen</u> is unavailing. Much like the plaintiff in <u>Pottgen</u>, any success enjoyed by Plaintiffs in this action was due solely to the improperly issued preliminary injunction. Accordingly, the Court finds that Plaintiffs are not a prevailing party and they are not entitled to an award of fees.

<u>CONCLUSION</u>

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 15, 2015.





Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 10-00483 JMS-KSC; <u>KORAB V. WONG, ET AL.</u>; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ATTORNEYS' FEES