IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TONY KORAB, TOJIO CLANTON, KEBEN ENOCH, CASMIRA AGUSTIN, ANTONIO IBANA, AGAPITA MATEO, and RENATO MATEO, each individually and on behalf of those persons similarly situated,<br><br>             Plaintiffs,<br><br>  vs.<br><br>RACHEL WONG, in her official capacity as Director of the State of Hawaii, Department of Human Services, and Judy Mohr Peterson, in her official capacity as State of Hawaii, Department of Human Services, Med-QUEST Division Administrator,<br><br>             Defendants. | CIVIL NO. 10-00483 JMS/KSC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ATTORNEYS' FEES |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

**I. INTRODUCTION**

Plaintiffs' Motion for Attorneys' Fees is troubling. Plaintiffs ask this court to find that they are the prevailing parties and entitled to attorneys' fees based on a preliminary injunction this court entered in Plaintiffs' favor, even though that order was vacated by the Ninth Circuit and the matter was remanded

to this court and dismissed. In other words, Plaintiffs ask this court to award them prevailing party status even thought they did not prevail, *i.e.*, they lost. Apparently recognizing that they failed to prevail, Plaintiffs assert the Ninth Circuit's order is a nullity, and that this court should simply ignore it. That is, they take their non-prevailing status and ask this court to convert it to a prevailing status because the Ninth Circuit lacked jurisdiction over the appeal. Needless to say, the court rejects this argument and ADOPTS U.S. Magistrate Judge Kevin S.C. Chang's July 15, 2015 Findings and Recommendation to Deny Plaintiffs' Motion for Attorneys' Fees ("July 15 F&R").

## II. BACKGROUND

On April 5, 2010, Plaintiffs filed this class action asserting claims against Rachel Wong,[1] in her official capacity as Director of the State of Hawaii, Department of Human Services ("DHS"), and Judy Mohr Peterson, in her official capacity as State of Hawaii, DHS, Med-QUEST Division Administrator (collectively "Defendants"), challenging DHS's implementation of a health care benefits program, Basic Health Hawaii ("BHH"), which Defendants created for

---

[1] This action was originally brought against Lillian Koller, the then-Director of DHS, and Kenneth Fink, the then-State of Hawaii, DHS, Med-QUEST Division Administrator. These positions are now held by Rachel Wong and Judy Mohr Peterson, respectively. *See* Fed. R. Civ. P. 25(d) (explaining that when a public officer is named in her official capacity, her "successor is automatically substituted as a party").

non-pregnant citizens, age nineteen or older, of countries with Compacts of Free Association ("COFA") with the United States who are lawfully residing in Hawaii ("COFA Residents"), and non-pregnant immigrants, age nineteen or older, who have been United States residents for less than five years ("New Residents"). Plaintiffs are COFA Residents and New Residents who brought this action on behalf of themselves and others similarly situated, asserting that BHH violates (1) the Equal Protection Clause of the Fourteenth Amendment because it provides less health benefits than the State of Hawaii's (the "State") Medicaid program offered to citizens and certain qualified aliens, and (2) the ADA because BHH is not administered in the most integrated setting appropriate to meet their medical needs.

On December 10, 2010, the court granted Plaintiffs' Motion for Preliminary Injunction seeking relief as to COFA Residents as to the Equal Protection claim, finding that BHH is subject to strict scrutiny. *See Korab v. Koller*, 2010 WL 5158883 (D. Haw. Dec. 13, 2010). On appeal, the Ninth Circuit vacated and remanded, determining that BHH is subject to rational basis review. *See Korab v. Fink*, --- F.3d ----, 2014 WL 10190093, at *11 (9th Cir. Apr. 1, 2014) *cert. denied sub nom. Korab v. McManaman*, 135 S. Ct. 472 (2014). After the remand, Defendants adopted emergency rules suspending BHH, and the State

ultimately repealed BHH and adopted new administrative rules establishing a different program.

On remand, the parties generally agreed that this action should be dismissed, yet disagreed on the basis for dismissal of the Equal Protection claim and whether such claim should be dismissed with or without practice. Both parties filed motions, which on March 5, 2015 the court granted to the extent the parties agreed the ADA claim should be dismissed with prejudice, and denied as to the Equal Protection claim. *See* Doc. No. 122. On April 28, 2015, the parties stipulated to dismissal of the Equal Protection claim without prejudice, Doc. No. 133, and judgment was entered that same day. Doc. No. 134.

### III. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## IV. **DISCUSSION**

Plaintiffs ask this court to award them prevailing party status based on this court's preliminary injunction entered in their favor, even though the Ninth Circuit vacated the preliminary injunction on the merits. Specifically, Plaintiffs argue that the Ninth Circuit lacked jurisdiction over Defendants' appeal of the preliminary injunction because while it was pending, the Affordable Care Act's ("ACA") requirement that individuals maintain health insurance with minimum essential coverage went into effect. Plaintiffs reason that BHH did not meet this minimum essential coverage and therefore became illegal, making the issues before the Ninth Circuit moot.

The July 15 F&R outlined in detail the legal framework for

determining prevailing party status, and applied it to find that Plaintiffs are not the prevailing party. The court adopts this sound reasoning here, and need not reiterate it.

Instead, the court highlights that Plaintiffs ignore that (1) they never made this argument to the Ninth Circuit, (2) no court has ever found BHH invalid; and (3) Plaintiffs never asserted the claim that BHH is invalid due to the ACA. Indeed, rather than timely raise their mootness argument, Plaintiffs argued the merits of the preliminary injunction to the Ninth Circuit (and never filed a Rule 28(j) letter addressing mootness) and then contested its determination on the merits, seeking a rehearing en banc and filing a petition for certioriari (both of which were denied). It is only now -- where they have lost on appeal and exhausted the appeals process -- that Plaintiffs seek yet another way to rewrite the outcome of this case. Needless to say, Plaintiffs' argument is absurd -- the Ninth Circuit found that it had jurisdiction where it issued a lengthy decision vacating the preliminary injunction on the merits, this court will not and cannot question the Ninth Circuit's jurisdiction on such decision,[2] and Plaintiffs cannot now bring a new claim attacking the validity of BHH, which in any event has been repealed.

---

[2] And in any event, Plaintiffs' jurisdiction argument appears to have no basis where BHH was not repealed until 2015, *see* Doc. No. 136-1, at 5 n.4, suggesting that a live controversy did in fact exist before the Ninth Circuit.

At some point, Plaintiffs must come to terms with the fact that they are on the losing side of the preliminary injunction determination.  Any further argument to the contrary is a waste of the court's and the parties' resources.

## V.  CONCLUSION

Based on the above, the court ADOPTS U.S. Magistrate Judge Kevin S.C. Chang's July 15, 2015 Findings and Recommendation to Deny Plaintiffs' Motion for Attorneys' Fees.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 20, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Korab et al. v. Wong et al.*, Civ. No. 10-00483 JMS/KSC, Order Adopting Findings and Recommendation to Deny Plaintiffs' Motion for Attorneys' Fees